**JAMES R. GREINER, ESQ.**
CALIFORNIA STATE BAR NUMBER 123357
**LAW OFFICES OF JAMES R. GREINER**
555 UNIVERSITY AVENUE, SUITE 290
SACRAMENTO, CALIFORNIA 95825
TELEPHONE: (916) 649-2006
FAX: (916) 920-7951
E MAIL: jaygreiner@midtown.net

ATTORNEY FOR DEFENDANT
MARIO FELLINI, III

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> PLAINTIFF, ) <br> ) <br> v. ) <br> ) <br> JAMES ROY MARTIN, et al., ) <br> ) <br> DEFENDANTS. ) <br> _____ ) | CR.-S-07-00432-EJG <br><br> STIPULATION AND ORDER TO CONTINUE STATUS CONFERENCE TO FEBRUARY 6, 2009 |

Plaintiff United States of America, by its counsel, Assistant United States Attorneys, Mr. Matthew C. Stegman and defendant JAMES ROY MARTIN by his attorney Mr. Matthew C. Bockmon, defendant GABRIEL RICHARD VIRAMONTES, by his attorney Mr. Michael B. Bigelow, defendant JOSEPH SALVATORE GALLO, by his attorney Mr. William J. Portanova, and defendant MARIO FELLINI, III, by his attorney James R. Greiner, hereby stipulate and agree that the status conference calendared for **Friday, November 7, 2008, at 10:00 a.m.** before the Honorable Senior United States District Court Judge, Edward J. Garcia, shall be continued to **Friday, February 6, 2009, at 10:00 a.m.**

The Court's courtroom deputy, Ms. Colleen Lydon, has been contacted to ensure the Court's calendar was available for that date and the Court is available on

1

Friday, August 8, 2008.

All of the defendants are out of custody on pre-trial release conditions. There is no trial date set. The Court has previously made a finding that this case is complex pursuant to the Speedy Trial Act, Title 18 U.S.C. section 3161(h)(8)(B)(ii) and local code T-2. (See Docket Entries # 9, 31, 38, 43, 47) The Court, from the record made with factual support, made the finding that this case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established by the Speedy Trial Act. (See Docket Entries # 9, 31, 38, 43 and 47). In addition, the Court, from the record made with factual support, that time is to be excluded under local code T-4, that time is to be excluded for the reasonable time necessary for effective preparation by defense counsel and Title 18 U.S.C. section 3161(h)(8)(B)(iv), of the speedy trial act. (See Docket Entries # 9, 31, 38, 43 and 4)

### PROCEDURAL STATUS OF THE CASE

On September 20, 2007, the United States filed an Indictment against JAMES ROY MARTIN, GABRIEL RICHARD VIRAMONTES, JOSEPH SALVATORE GALLO and MARIO FELLINI, III. The government alleged violations of the following: Bank Fraud, Title 18 U.S.C. section 1344; False Statements in Loan Applications, Title 18 U.S.C. section 1014; Mail Fraud, Title 18 U.S.C. section 1341; Conspiracy to Launder Funds, Title 18 U.S.C. section 1956 (h).(See Docket Entry #1)

Defendant, JAMES ROY MARTIN, is charged in all thirty-six (36) counts of the Indictment. Defendant, GABRIEL RICHARD VIRAMONTES, is charged in counts one through fourteen (1-14) and twenty-nine through thirty-six (29-36). Defendant, JOSEPH SALVATORE GALLO, is charged in counts one through twenty-eight (1-28) and count thirty-six (36). Defendant, MARIO FELLINI, III, is charged in all thirty-six counts (1-36). The potential penalties for all defendants is

substantial. (See Docket Entry #1)

On September 25, 2007, the initial appearance of defendants JAMES ROY MARTIN, JOSEPH SALVATORE GALLO and MARIO FELLINI, III, was made. (See Docket Entry #9) The Court found excludable time under the speedy trial act under both local codes T-2, which corresponds to Title 18 U.S.C. section 3161(h)(8)(B)(ii), and T-4, which corresponds to Title 18 U.S.C. section 3161(h)(8)(B)(iv). The Court, from the record made with factual support, made the finding that this case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established by the Speedy Trial Act. In addition, the Court, from the record made with factual support, that time is to be excluded for the reasonable time necessary for effective preparation by defense counsel. (See Docket Entry # 9)

On October 5, 2007, the final defendant, GABRIEL RICHARD VIRAMONTES, made his initial appearance. (See Docket Entry # 31). The Court found excludable time under the speedy trial act under both local codes T-2, which corresponds to Title 18 U.S.C. section 3161(h)(8)(B)(ii), and T-4, which corresponds to Title 18 U.S.C. section 3161(h)(8)(B)(iv). The Court, from the record made with factual support, made the finding that this case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established by the Speedy Trial Act. In addition, the Court, from the record made with factual support, that time is to be excluded for the reasonable time necessary for effective preparation by defense counsel. (See Docket Entry # 31)

On October 12, 2007, the first Status conference was held before this Court.

(See Docket Entry #38) The Court found excludable time under the speedy trial act under both local codes T-2, which corresponds to Title 18 U.S.C. section 3161(h)(8)(B)(ii), and T-4, which corresponds to Title 18 U.S.C. section 3161(h)(8)(B)(iv). The Court, from the record made with factual support, made the finding that this case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established by the Speedy Trial Act. In addition, the Court, from the record made with factual support, that time is to be excluded for the reasonable time necessary for effective preparation by defense counsel. (See Docket Entry #38)

On January 25, 2008, the second status conference was held before this Court. (See Docket Entry # 43) The Court found excludable time under the speedy trial act under both local codes T-2, which corresponds to Title 18 U.S.C. section 3161(h)(8)(B)(ii), and T-4, which corresponds to Title 18 U.S.C. section 3161(h)(8)(B)(iv). The Court, from the record made with factual support, made the finding that this case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established by the Speedy Trial Act. In addition, the Court, from the record made with factual support, that time is to be excluded for the reasonable time necessary for effective preparation by defense counsel. The Court appointed defense attorney James R. Greiner, as lead defense attorney. (See Docket Entry #43)

On April 4, 2008, the Court signed a stipulation and Order continuing the cast for further status conference to August 8, 2008, finding excludable time under the speedy trial act under both local codes T-2, which corresponds to Title 18 U.S.C.

section 3161(h)(8)(B)(ii), and T-4, which corresponds to Title 18 U.S.C. section 3161(h)(8)(B)(iv). The Court, from the record made with factual support, made the finding that this case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established by the Speedy Trial Act. In addition, the Court, from the record made with factual support, that time is to be excluded for the reasonable time necessary for effective preparation by defense counsel. (See Docket Entry # 47)

On August 6, 2008, the parties submitted to the Court a Stipulation and Proposed Order to continue the case to November 7, 2008, with the factual basis for the Court to find excludable time under the speedy trial act under both local codes T-2, which corresponds to Title 18 U.S.C. section 3161(h)(8)(B)(ii), and T-4, which corresponds to Title 18 U.S.C. section 3161(h)(8)(B)(iv). The Court, from the record can find factual support that this case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established by the Speedy Trial Act. In addition, the Court, from the record can find the factual support, that time is to be excluded for the reasonable time necessary for effective preparation by defense counsel. (See Docket Entry # 49)

## STATUS OF DISCOVERY IN THE CASE

The government has provided discovery consisting of over 16,000 pages. This enormous amount of discovery has been and is continually being reviewed by defense counsel. In addition, defense counsel are in constant contact with their clients reviewing the enormous amount discovery in this case.

The defense is diligently reviewing the voluminous discovery produced to date

by the United States Attorney's Office (the approximate 16,000 pages of discovery) and diligently working with the government and other interested parties to ensure that the defense has obtained the entire universe of discovery for effective representation of the defendants, pursuant to the Sixth Amendment of the United States Constitution, the Supreme Court's decision in Strickland v. United States. The defense is mindful of each defense attorney's obligations and responsibilities under Strickland v.United States in representing the individual defendants in this case.

The parties stipulate and agree that the case continues to be complex as defined under the Speedy Trial Act Title 18 U.S.C. section 3161(h)(8)(B)(ii) and local code T-2, and by this stipulation request the Court to continue to find the case to be complex as defined under the Speedy Trial Act and Local Code T-2. Based upon the record made at the prior Court status hearings (See Docket Entries # 9, 31, 38, 43 and 47), the parties agree and stipulate the Court has a sufficient factual basis to continue to make the same findings as it did regarding the complexity of the case and the need for additional time to prepare for all counsel, local codes T-2 and T-4.

The parties stipulate and agree that time under the Speedy Trial Act shall continue be excluded **up to and including Friday, February 6, 2009, under** the Speedy Trial Act under Local Code T-2 (**complexity of case)** and Title 18 U.S.C. section 3161(h)(8)(B)(ii)and Local Code T-4 (**time for defense counsel preparation**) and Title 18 U.S.C. section 3161(h)(8)(B)(iv).

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | McGREGOR W. SCOTT<br>UNITED STATES ATTORNEY |
|  | /s/ Matthew C. Stegman by e mail authorization |
| DATED: 10-31-08 |  |
|  | Matthew C. Stegman<br>ASSISTANT UNITED STATES ATTORNEYS<br>ATTORNEYS FOR THE PLAINTIFF |

DATED: 10-31-08                    /s/ Matthew C. Bockmon by e mail authorization
                                   _____
                                   Matthew C. Bockmon
                                   Attorney for Defendant
                                   JAMES ROY MARTIN

DATED: 10-31-08                    /s/ Michael B. Bigelow by e mail authorization
                                   _____
                                   Michael B. Bigelow
                                   Attorney for Defendant
                                   GABRIEL RICHARD VIRAMONTES

DATED 10-31-08                     /s/ William J. Portanova by e mail authorization
                                   _____
                                   William J. Portanova
                                   Attorney for Defendant
                                   JOSEPH SALVATORE GALLO

DATED: 10-31-08                    /s/ James R. Greiner
                                   _____
                                   James R. Greiner
                                   Attorney for Defendant
                                   MARIO FELLINI III

## ORDER

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED: October 31, 2008.



                    /s/ Edward J. Garcia
                    **EDWARD J. GARCIA**
                    **SENIOR UNITED STATES**
                    **DISTRICT COURT JUDGE**

7